thereof, annexed to the papers transmitted from the court below, must be transmitted by the clerk, upon payment of his fees, to the clerk of the county where the court from which the appeal was taken is situated, and shall constitute the judgment roll, and remain in his office. The filing of the judgment roll, or the entry of the order, as prescribed in this section, is a sufficient authority for any proceeding in the court below, etc. I am unable to see how a judgment upon this order of reversal could be entered in the appellate division, and much less how it could be enforced in that tribunal. The court from which the appeal was taken is the Albany county court. Pursuant to this section, a certified copy of the order of reversal, together with the appeal papers, was transmitted to the clerk of the Albany county court, and constitutes the judgment roll, and remains in his office. The filing of this judgment roll is a sufficient authority for any proceeding in the court below. If the prevailing party could not enter his judgment there, then it seems to me he would be without remedy.

But I think this section of the Code fully warranted the entry of the judgment in the Albany county court, and I therefore deny this motion, with $10 costs to the judgment creditor. The judgment debtor must appear before the referee, at a time to be fixed in the order, to be made and entered, denying this motion.

---

### GALLERSTEIN v. MANHATTAN R. CO.

(City Court of New York, General Term.   January 3, 1899.)

PLEADING—BILL OF PARTICULARS.

    In an action for personal injuries, where defendant denies any knowledge as to the allegations of the complaint, a bill of particulars setting forth all the details of the accident complained of should be filed by plaintiff.

Appeal from special term.

Action by Phineas Gallerstein, an infant, by William Gallerstein, his guardian ad litem, against the Manhattan Railroad Company, to recover for personal injuries. From an order requiring plaintiff to serve a bill of particulars showing the date and time and particulars of the accident, the particulars of the injuries, and the items of special damages, he appeals. Affirmed.

Argued before FITZSIMONS, C. J., and O'DWYER and OLCOTT, JJ.

Emanuel Herz, for appellant.

Charles A. Gardiner, for respondent.

PER CURIAM. The order appealed from must be affirmed. It is based upon the complaint, answer, and an affidavit made by the defendant's attorney. Concerning all the allegations contained in the complaint, the defendant denies any knowledge or information sufficient to form a belief as to each and every allegation thereof. The affidavit of its attorney amplifies and particularizes this denial, and

shows that defendant has no knowledge or information concerning the allegations in said complaint, and upon which, of course, it is apparent plaintiff bases this action.　It is therefore apparent to us that defendant has no knowledge or information which would enable it to successfully defend this action, unless the particulars asked for and granted by the order appealed from are given it.　Such order, in our judgment, is just and reasonable, and imposes upon plaintiff no unjust or unfair requirement.　All the details asked for and granted are certainly within the knowledge of plaintiff, and should be freely given by him. He is not an infant of 12 years.　He is 19 years old, and should be, and undoubtedly is, able to do all that is required by the order in question, which is hereby affirmed, with costs to respondent.